IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICKY OLIVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:19-cv-00488 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| DANIEL KNIGHT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the Court is a pro se complaint for alleged violation of civil rights (Doc. No. 1), filed by Ricky Oliver, an inmate at the Trousdale Turner Correctional Center in Hartsville, Tennessee. After initially filing an application to proceed in forma pauperis (IFP) supported by evidence of his attempts to procure the necessary documents from his inmate trust account custodian (Doc. No. 2), Plaintiff filed a second IFP application with these documents attached. (Doc. No. 4.)

This matter is now before the Court for a determination of Plaintiff's pauper status and an initial review of the complaint pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## APPLICATION TO PROCEED AS A PAUPER

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee of $350.00 required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 4) will be granted by separate Order.

**INITIAL REVIEW OF THE COMPLAINT**

I. PLRA SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a

plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

## II. SECTION 1983 STANDARD

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cty.*, 763 F.3d 592, 595 (6th Cir. 2014).

## III. ALLEGATIONS AND CLAIMS

Plaintiff claims that the Defendant, Correctional Officer Daniel Knight, was deliberately indifferent to Plaintiff's safety in violation of his Eighth Amendment rights. (Doc. No. 1 at 6.) He succinctly states the facts in support of this claim, as follows:

> As Oliver was working at his regular job in the prison kitchen on 13 May 2018, a huge gang-affiliated inmate approached him and accused him in a loud voice of stealing some items which the inmate had stashed to steal himself and ordered Oliver "to get out of his chow hall." When Oliver denied the false accusation, the inmate placed his arms around Oliver's neck putting Oliver into a choke-hold, lifted Oliver upwards until his feet no longer touched the floor rendering Oliver's ability to escape harm impossible and causing Oliver to lose consciousness. After Oliver had lost consciousness, the inmate dropped Oliver causing him to strike his head on a metal table. Oliver suffered blunt impact head trauma and was life-flighted to an emergency hospital where he remained hospitalized, in protracted unconsciousness, for over two weeks. He spent several days in intensive care and in the trauma unit.
>
> Throughout this incident, Officer Knight was standing nearby, in very close proximity, heard hostile threats to Oliver's safety, had foreknowledge of the inmate's gang-affiliation, propensity for assaultive behavior, and prior misconduct violations, but, he did not intervene and stop the assaultive behavior of the hostile inmate. Instead of undertaking corrective action, he simply stood by and watched

>     the unprovoked assault take place even when he had more than sufficient time to
>     act to prevent it.

(*Id.* at 8–9.) Plaintiff sues Defendant in his individual capacity, seeking an award of compensatory damages. (*Id.* at 7.)

IV. ANALYSIS

The Supreme Court has held that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). An Eighth Amendment violation may occur when prison guards fail to protect one inmate from an attack by another inmate. *See Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990). However, "not all injuries suffered by an inmate at the hands of another prisoner result in constitutional liability for prison officials under the Eighth Amendment." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998).

To establish an Eighth Amendment claim that a prison official failed to protect an inmate, the inmate must show that the official was deliberately indifferent "to a substantial risk of serious harm" to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004). To meet this standard, the inmate must show "that the official was subjectively aware of the risk" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene*, 361 F.3d at 294 (quoting *Farmer*, 511 U.S. at 847). "The Sixth Circuit has held that where an officer provides an opportunity for attack and does nothing or stands idly by while an attack takes place without intervening, he violates the attacked prisoner's constitutional rights." *Brazelton v. Coffee Cty.*, No. 4:17-cv-00036, 2018 WL 3999822, at *3 (E.D. Tenn. Aug. 21, 2018) (citing *Carico v. Benton, Ireland, and Stovall*, 68 F. App'x 632, 639 (6th Cir. 2003)). *See also Blake v. Israel Sexton, Sergeant, New York City Police Dep't*, No. 12 CIV. 7245 (ER),

2016 WL 1241525, at *5 (S.D.N.Y. Mar. 24, 2016) (allowing deliberate indifference claim to proceed "where defendants are alleged to have failed to intervene to stop an attack they have actually witnessed"); *see generally Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (affirming dismissal of claim that prison officials were negligent in failing to protect inmate from attack by fellow inmate, which is "quite different" from claim that "officials simply stood by and permitted the attack to proceed").

Here, Plaintiff describes the attack as "unprovoked," and does not allege that Defendant did anything to facilitate the encounter between Plaintiff and his assailant. (Doc. No. 1 at 9.) However, Plaintiff alleges that Defendant was in the kitchen, "in close proximity" to the encounter; that he heard the other inmate threaten Plaintiff; that he "observed the inmate place his hands around [Plaintiff]'s neck putting [Plaintiff] into a choke-hold, and lifting [Plaintiff] upwards until his feet no longer touched the floor"; and that he simply "stood by" during the time it took for Plaintiff to be choked into unconsciousness. (*Id.*) Plaintiff specifically alleges that his choking by the other inmate "lasted long enough for [Defendant] to both perceive what was going on and intercede to stop it," but that Defendant nevertheless failed to intercede. (*Id.*) Presuming these allegations true as the Court must at this initial stage, they are sufficient to state a colorable Eighth Amendment claim for failure to protect.

## CONCLUSION

For these reasons, the Court finds that Plaintiff has stated a nonfrivolous claim and will be allowed to proceed against Defendant.

An appropriate Order will enter.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE