IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RICKY OLIVER )
 )
   v. ) NO. 3:19-0488
 )
DANIEL KNIGHT )

**TO:**   Honorable Eli Richardson, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered January 13, 2020 (Docket Entry No. 7), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Ricky C. Oliver ("Plaintiff") filed this *pro se* and *in forma pauperis* lawsuit while an inmate of the Tennessee Department of Correction.[1] He seeks damages under 42 U.S.C. § 1983 based on allegations that a correctional officer at the Trousdale Turner Correctional Center violated his Eighth Amendment rights by failing to protect Plaintiff from another inmate's physical attack. *See* Complaint (Docket Entry No. 1). The Court found that Plaintiff alleged an arguable claim and directed the Clerk to send Plaintiff a service packet for the defendant. *See* Docket Entry No. 7. Plaintiff was ordered to complete the service packet and return it to the Clerk's Office within twenty-one (21) days of entry of the Court's Order. The docket reflects that the service packet was sent to Plaintiff by the Clerk's Office on January 13, 2020.

---

[1] Subsequent to filing his lawsuit, Plaintiff filed a change of address notice providing a new mailing address that is a non-institutional residential address. *See* Docket Entry No. 5.

Plaintiff did not return a completed service packet to the Clerk's Office or otherwise contact the Court or Clerk's Office about his case. By Order entered March 4, 2020 (Docket Entry No. 8), the Court noted the absence of a returned service packet, directed the Clerk to re-send to Plaintiff another service packet, and advised Plaintiff that a recommendation for the dismissal of this case would be entered unless, no later than April 13, 2020, Plaintiff either returned to the Clerk a completed service packet for Defendant Knight or showed good cause for why this action should not be dismissed for failure to have the defendant served and failure to prosecute. To date, Plaintiff has taken neither of these steps.

Rule 4(m) of the Federal Rules of Civil Procedure requires that the defendant be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. It is also well settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Plaintiff's failure to return a completed service packet for the defendant evidences his disregard of the Court's directives and has prevented process from being issued in this lawsuit. Because the defendant has not been served with process within the time period set out in Rule 4(m), this action should be dismissed.

## RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

    Respectfully submitted,

    BARBARA D. HOLMES
    United States Magistrate Judge